20-419-cv
*Butler v. ProShares Trust II, et al.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of March, two thousand twenty-one.

PRESENT:   PIERRE N. LEVAL,
                   JOSÉ A. CABRANES,
                   REENA RAGGI,
                                    *Circuit Judges.*

_____

IN RE: PROSHARES TRUST II SECURITIES LITIGATION.

**************************************************

THOMAS BUTLER, III, ANTHONY LUDOVICI,
LISA LUDOVICI,
                   *Plaintiffs-Appellants,*

DAVID A. FORD, INDIVIDUALLY AND ON BEHALF OF
ALL OTHERS SIMILARLY SITUATED,

                   *Plaintiff,*

                   v.                                                    20-419-cv

PROSHARES TRUST II, PROSHARE CAPITAL
MANAGEMENT LLC, TODD B. JOHNSON, EDWARD
KARPOWICZ, MICHAEL L. SAPIR, LOUIS M. MAYBERG,
ABN AMRO CLEARING CHICAGO LLC, DEUTSCHE
BANK SECURITIES INC., GOLDMAN SACHS & CO., J.P.
MORGAN SECURITIES LLC, KNIGHT EXECUTION &
CLEARING SERVICE, LLC, MERRILL LYNCH

1

PROFESSIONAL CLEARING CORP., SG AMERICANS
SECURITIES, LLC, VIRTU FINANCIAL BD LLC,
NEWEDGE USA LLC,

*Defendants-Appellees*,

BANCA IMI SECURITIES CORP., BARCLAYS CAPITAL
INC., BNP PARIBAS SECURITIES CORP., CREDIT
SUISSE SECURITIES (USA) LLC, HRT FINANCIAL
LLC, JEFFERIES LLC, MIZUHO SECURITIES USA LLC,
NOMURA SECURITIES INTERNATIONAL, INC., RBC
CAPITAL MARKETS, LLC, TIMBER HILL, LLC, UBS
SECURITIES LLC, WEDBUSH SECURITIES, INC., LEON
FIDEL,

*Defendants.*

FOR PLAINTIFFS-APPELLANTS: STEVEN F. HUBACHEK (Samuel H. Rudman, David A. Rosenfeld, *on the brief*), Robbins Geller Rudman & Dowd LLP, San Diego, CA.

FOR DEFENDANTS-APPELLEES: ROBERT A. SKINNER (Amy D. Roy, Jessica M. Bergin, Ropes & Gray LLP; Adam S. Hakki, Daniel Lewis, Agnès Dunogué, Shearman & Sterling LLP *on the brief*), Ropes & Gray LLP, Boston, MA.

Appeal from a judgment of the United States District Court for the Southern District of New York (Denise Cote, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiffs-Appellants (Thomas Butler III, et al., "Butler") appeal from the District Court's January 3, 2020 Judgment granting Defendants-Appellees' (ProShares Trust II, et al., "ProShares") motion to dismiss Butler's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] Butler alleged material omissions from the ProShares Registration Statement for SVXY, a derivative

---

[1] *In re ProShares Trust II Sec. Litig.*, No. 19-cv-886, 2020 WL 71007 (S.D.N.Y. Jan. 3, 2020).

financial product.[2] The complaint asserts strict liability and negligence claims under: Sections 11 and 15 of the Securities Act of 1933, 15 U.S.C. §§ 77k, 77o; Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b), 78t(a), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5; and Regulation S-K, 17 C.F.R. §§ 229.303(a)(3)(ii), 229.105, Items 303 and 105. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Butler argues that the ProShares Registration Statement failed to warn investors that SVXY's own conduct of rebalancing in an overly crowded VIX futures market could itself drive up the price of VIX futures contracts, the level of expected market volatility, and the level of the Index—thereby driving down the value of SVXY shares. He emphasizes that the ProShares Registration Statement only warns of the *effects* of an illiquid market, not that ProShares's rebalancing conduct could *cause* such illiquidity, and that ProShares should have warned investors that this risk increased significantly over time as SVXY grew.

We review the dismissal of a complaint under Rule 12(b)(6) *de novo*.[3] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[4] We must "constru[e] the complaint liberally, accept[ ] all factual allegations as true, and draw[ ] all reasonable inferences in the plaintiff's favor."[5]

We agree with the District Court that the ProShares Registration Statement was not misleading, and adequately warned investors of the risks alleged in the complaint.[6] Substantially for

---

[2] As described by the District Court, "SVXY is a derivative financial product that loses value when stock market volatility rises and gains value when the market is calm." *ProShares Trust II*, 2020 WL 71007, at *1. To meet its "investment objective" of reflecting the inverse of the VIX Short-Term Futures Index (the "Index"), SVXY buys and sells futures contracts during a set "rebalancing" period at the end of the trading day. When SVXY attempted to rebalance on February 5, 2018, a day of heightened volatility, demand outstripped supply for these futures contracts, leading to a liquidity gap that caused massive investor losses.

[3] *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002).

[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

[5] *Coal. for Competitive Elec. v. Zibelman*, 906 F.3d 41, 48–49 (2d Cir. 2018) (internal quotation marks omitted). For fraud claims brought under Exchange Act Section 10(b), there is a heightened pleading standard requiring the complaint to "specify each misleading statement . . . and state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." *City of Pontiac Policemen's & Firemen's Ret. Sys. v. UBS AG*, 752 F.3d 173, 184 (2d Cir. 2014) (internal alterations and quotation marks omitted).

[6] *ProShares Trust II*, 2020 WL 71007, at *7–9.

the reasons stated by Judge Cote in her thorough Opinion and Order, we affirm the judgment of the District Court.

## CONCLUSION

We have reviewed all of the arguments raised by Butler on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the January 3, 2020 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk